# EXHIBIT 2

Case 3:04-cr-30033-MAP    Document 95-3    Filed 06/30/2005    Page 1 of 8

# GOODWIN | PROCTER

James C. Rehnquist
617.570.1820
jrehnquist@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.227.8591

June 1, 2005

*By Facsimile and Regular Mail*

William M. Welch II
Assistant United States Attorney
U.S. Attorney's Office
Federal Building & Courthouse, Room 310
1550 Main Street
Springfield, MA 01103

Re:   USA v. Raymond Asselin, Sr., et al., Crim. A. No: 04-30033-MAP

Dear Mr. Welch:

On January 5, 2005, I sent you a letter requesting additional discovery on behalf of defendant Peter Davis pursuant to Local Rule 116.3(A). A copy of that letter is attached hereto at Tab A for your convenience. The government never responded to this discovery request. I hereby renew the discovery requests made in the January 5, 2005 letter, and incorporate them by reference herein.[1]

Moreover, defendant Peter Davis hereby makes additional requests for discovery pursuant to Local Rule 116.3(A), and accordingly requests that the government provide him with each of the following:

1. To the extent the government contends that certain contracts and/or subcontracts were improperly awarded by the Springfield Housing Authority to P.J. Richfield and/or Peter Davis, please provide the following information or, alternatively, identify with reasonable precision where the following information is located in the documents and/or things already made available to defendants through automatic discovery:

---

[1] To the extent that my January 5, 2005 letter requests information relating to specific paragraphs of the original indictment, defendant Peter Davis hereby requests that the government provide him information relating to the corresponding paragraphs of the superceding indictment.

GOODWIN | PROCTER

William M. Welch II
June 1, 2005
Page 2

      a. Date on which contract and/or subcontract was awarded to P.J. Richfield and/or Peter Davis, and a copy of any such contracts and/or subcontracts awarded;

      b. Any individuals involved in the awarding of such contract and/or subcontract to P.J. Richfield and/or Peter Davis;

      c. The manner and means by which such contract and/or subcontract was improperly awarded to Peter Davis and/or P.J. Richfield;

      d. Date on which P.J. Richfield and/or Peter Davis submitted a bid on such contract and/or subcontract, and a copy of any bid documents submitted by P.J. Richfield and/or Peter Davis in connection with such bid; and

      e. A listing of any and all other individuals and/or entities who submitted a bid for such contract and/or subcontract, and a copy of all documents submitted to the Springfield Housing Authority in connection with these bids.

2. Please provide copies of any notes, memoranda, reports, or other documents reflecting investigations conducted by counsel for the Springfield Housing Authority involving the allegations contained in the Indictment, including, but not limited to, any and all documents reflecting an investigation conducted by Priscilla Fifield Chesky and/or the law firm of Lyon & Fitzpatrick LLP.

3. Please identify all documents or things the government intends to use in its case-in-chief at trial, as required by Fed. R. Crim P. 16(a)(1)(E). In the alternative, if the government has already prepared such a list, please provide a preliminary exhibit list indicating those exhibits the government intends to use at trial.

4. Please confirm that the government does not intend to use any expert testimony at trial. Alternatively, if the government does intend to call expert witnesses at trial, please provide the disclosures required by Fed. R. Crim. P. 16.

Pursuant to Local Rule 116.3(A), please reply in writing to the above-listed requests no later than fourteen (14) days from now, *i.e.*, no later than June 15, 2005. Defendant Peter Davis reserves the right to supplement these requests.

GOODWIN | PROCTER

William M. Welch II
June 1, 2005
Page 3

I look forward to hearing from you.

Very truly yours,

*James C Rehnquist /kl*

James C. Rehnquist

JCR/kl

cc:  Clerk's Office
     Defense counsel of record

LIBA/1529059.1

# TAB A

**GOODWIN | PROCTER**

James C. Rehnquist
617.570.1820
jrehnquist@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.227.8591

January 5, 2005

*By Facsimile and Regular Mail*

William M. Welch II
Assistant United States Attorney
U.S. Attorney's Office
Federal Building & Courthouse, Room 310
1550 Main Street
Springfield, MA 01103

Re:   *USA v. Raymond Asselin, Sr., et al., Crim. A. No: 04-30033-MAP*

Dear Mr. Welch:

Pursuant to Local Rule 116.3(A), defendant Peter Davis requests that the government provide him with each of the following or, alternatively, identify with reasonable precision where the following information is located in the documents and/or things already made available to defendants through automatic discovery:

1. Identify all contracts on which a bid was submitted by, or on behalf of, P.J. Richfield, Inc. ("P.J. Richfield") and/or Peter Davis to the Springfield Housing Authority. For any contracts and/or bids submitted on behalf of P.J. Richfield and/or Peter Davis, please identify the person or persons who submitted the contract and/or bid on his behalf.

2. All indices and/or summaries of documents and/or things made available to defendants through automatic discovery.[1]

3. All bid documents submitted by, or on behalf of, P.J. Richfield and/or Peter Davis to the Springfield Housing Authority.

---

[1] I am aware that the government has already provided us with a copy of a partial index of certain documents and/or things made available during automatic discovery. Please provide a full copy of that index, as well as any additional indices and/or summaries which exist.

GOODWIN | PROCTER

William M. Welch II
January 5, 2005
Page 2

4. Identify any actions allegedly taken by a state employee in violation of his official duty as a result of Peter Davis allegedly giving, offering, and/or promising something of value, as alleged in Paragraph 38(d) of the Indictment. Specifically:

   a. Identify any bid proposals allegedly "fraudulently generate[d]" by, on behalf of, or for the benefit of, P.J. Richfield and/or Peter Davis, as alleged in Paragraph 38(d) of the Indictment, and identify by whom such proposals were allegedly "fraudulently generated";

   b. Identify any bid proposals on which P.J. Richfield and/or Peter Davis "colluded in the preparation of," as alleged in Paragraph 38(d) of the Indictment, and identify with or by whom this alleged collusion took place;

   c. Identify any contracts that were awarded to P.J. Richfield and/or Peter Davis as a result of conduct allegedly taken by Peter Davis, as alleged in Paragraph 38(d) of the Indictment;

   d. Identify any sub-contracts that were "steer[ed]" to P.J. Richfield and/or Peter Davis, as alleged in Paragraph 38(d) of the Indictment, and identify by whom such contracts were allegedly "steered"; and

   e. Identify any other "preferential treatment" received by P.J. Richfield and/or Peter Davis, as alleged in Paragraph 38(d) of the Indictment, and identify when and by whom such preferential treatment was given.

5. Identify all overt acts allegedly taken by Peter Davis and/or P.J. Richfield in furtherance of the racketeering conspiracy, as alleged in Paragraph 56 of the Indictment.

Pursuant to Local Rule 116.3(A), please reply in writing to the above-listed requests no later than fourteen (14) days from now, *i.e.*, no later than January 19, 2005. Defendant Peter Davis reserves the right to supplement these requests.

William M. Welch II
January 5, 2005
Page 3

I look forward to hearing from you.

Very truly yours,

**/s/ James C. Rehnquist**

James C. Rehnquist

JCR/kl

cc:   Clerk's Office
      Defense counsel of record (attached distribution list)

LIBA/1438972.2