FILED
CLERK'S OFFICE

2005 JUL 15 P 1: 28

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-N-04-30033-MAP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RAYMOND ASSELIN, SR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT DAVIS'
### MOTION FOR A BILL OF PARTICULARS AND TO COMPEL DISCOVERY

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and William M. Welch II, Assistant United States Attorney, hereby files this response to defendant Davis' Motion for a Bill of Particulars and to Compel Discovery.

The defendant's request for a bill of particulars should be denied.  The defendant's motion is not a bill of particulars, but rather an attempt to glean more evidentiary detail about the Government's case.  The caselaw specifically disapproves of the use of a bill of particulars as a discovery tool for such information.

The defendant's motion for additional discovery also should be denied because there is no authority for the defendant's

1

request.   Rule 16 does not require the Government to provide a
pre-trial list of evidence under Rule 16(a)(1)(E)(ii).

## I.    **Background**

Peter Davis formerly owned and operated P.J. Richfield, Inc.,
a company that did business with the Springfield Housing
Authority.   On July, 2004, the grand jury returned an indictment
against, among others, defendant Davis, charging him with RICO,
Conspiracy to Commit RICO, Conspiracy to Commit Bribery, and
Obstruction of Justice for criminal conduct that began by at least
1992 and continued through April, 2003.   In January, 2005, the
grand jury returned a superseding indictment that re-alleged the
same crimes against defendant Davis.

Both indictments were very specific and detailed.   For
example, the superseding indictment contained the following
caption and language:

### **Objectives of the Racketeering Activity**

> It was an objective of the defendants to
> reward those individuals and businesses that
> paid bribes, kickbacks, gratuities and other
> things of value to members employed by and
> persons associated with the Enterprise by
> defendants ASSELIN, SR. and SOTIRION using
> their positions within SHA to award contracts,
> steer sub-contracts, purchases goods and
> services, provide preferential treatment, and
> otherwise direct SHA resources to said
> individuals and businesses for the benefit of
> said individuals and businesses.

Superseding Indictment, ¶ 23.   The superseding indictment also
contained the following caption and language:

2

## Manner and Means of the Racketeering Enterprise

> Defendants ASSELIN, SR. and SOTIRION and their
> associates conducted and participated in the
> conduct of the affairs of the Enterprise by
> then rewarding . . . P.J. Richfield, Inc. . .
> . with contracts, sub-contracts, change
> orders, purchase orders, preferential
> treatment, and other SHA resources through
> their corrupt influence on the contract and
> purchase order bid process and otherwise
> directing general contractors to award sub-
> contracts to said individuals and businesses.

Id. at ¶ 29.  The Superseding Indictment also specifically alleges

the times, dates, amounts and descriptions of the things of value

provided by the defendant to members of the RICO enterprises.  Id.

at ¶ 40.[1]

Thereafter, pursuant to the Local Rules, the Government made

available for inspection and copying all Rule 16 materials within

its possession, custody and control.  These materials, albeit

voluminous, have been available to defendant Davis since July,

2004.  These documents include all bids and all contracts in the

Government's possession, custody and control.

The Government provided two CDs containing SHA board minutes

and accounts payable information.  The SHA board minutes contain

information regarding bids submitted to and contracts awarded by

---

[1]Defendant Davis implies that defendant Davis only provided
things of value in the form of checks written in 1996 and 1997.
See Motion, p. 2.  As counsel knows, an indictment need not
allege every predicate act or overt act of a RICO or conspiracy
respectively, and defendant Davis supplied things of value to
defendants Asselin and Sotirion prior to 1996.

3

SHA.  The account payable information lists all payments made by
SHA, including all payments made under contracts awarded by SHA.
Both databases are easily searchable.  For example, by searching
under the name "P.J. Richfield", one can produce all payments made
by SHA to P.J. Richfield from 1990 through 1997.  See Exhibit 1.

The Superseding Indictment identified un-indicted co-
conspirators.  Consistent with the Local Rules, the Government
also identified unindicted co-conspirators involved in the case.
The Government did this by letter on July 28, 2004 and February 2,
2005.

In addition to making available all Rule 16 materials, the
Government produced the grand jury testimony of approximately a
half dozen witnesses.  At least two of those witnesses were SHA
vendors who described the bribery scheme at SHA.  These witnesses
described how they, along with other SHA vendors, had to pay
bribes to defendants Asselin, Sr. and Sotirion in order to do
business at SHA.  In addition, these witnesses described how
defendants Asselin, Sr. and Sotirion required them and other
contractor to collude in submitting artificially inflated, losing
bids on some contracts in order to win contracts on other
occasions.

**II.  Defendant Davis' Motion for a Bill of Particulars Should Be
Denied Because It Seeks Evidentiary Details To Which He Is
Not Entitled.**

"The function of a bill of particulars is to provide the
defendant with necessary details of the charges against him to
enable him to prepare his defense, to avoid surprise against
trial, and to protect against double jeopardy." United States v.
Nelson-Rodriquez, 319 F.3d 12, 30 (1st Cir. 2003)(citing United
States v. Paiva, 892 F.2d 148, 154 (1st Cir. 1989)).  However,
where an indictment is sufficiently specific, and a defendant has
enough information to understand the nature of the charges alleged
in the indictment, the Government should not be required to
prepare a bill of particulars. Nelson-Rodriquez, 319 F.3d at 30;
United States v. Sepulveda, 15 F.3d 1161, 1192-93 (1st Cir. 1993);
United States v. Paiva, 892 F.2d 148 (1st Cir. 1989). See also
United States v. Hallock, 941 F.23d 36, 40 n.2 (1st  Cir. 1991)
(stating that "there is no need to grant a bill of particulars
when the indictment is sufficiently specific."); United States v.
Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987).

"A bill of particulars, however, is not a proper tool for
discovery." United States v. Wessels, 12 F.3d 746, 750 (8th Cir.
1993). See also United States v. Dunn, 841 F.2d 1026, 1029 (10th
Cir. 1988).  A bill of particulars "is not to be used to provide
detailed disclosure of the government's evidence at trial."
Wessels, 12 F.3d at 750. See also United States v. Torres, 901

F.2d 205, 234 (2d Cir. 1990); United States v. Smith, 776 F.2d
1104, 1111 (3rd Cir. 1985); United States v. Automated Medical
Laboratories, Inc., 770 F.2d 399, 405 (4th Cir. 1985); United
States v. Kilrain, 566 F.2d 979, 985 (5th Cir. 1978).

The denial of a motion for a bill of particulars rests within
the sound discretion of the district court. Nelson-Rodriguez, 319
F.3d at 30. A district court's decision to deny a motion for a
bill of particulars will "only be reversed upon a defendant's
showing of a clear abuse of discretion that resulted in "actual
surprise at trial or actual prejudice to his substantial rights."
Id.

In Nelson-Rodriguez, 319 F.3d at 30-31, the First Circuit
affirmed the district court's denial of his motion for a bill of
particulars. The court noted that the indictment specifically
named the defendant twice for his "involvement in the planned
importation of 10,000 pounds of marijuana" and for instructing his
nephew to arrange for the importation of cocaine from Colombia
into Puerto Rico. Id. Although the indictment did not advise the
defendant of the government's evidence at trial, including the
defendant's involvement in the importation of thirty-six kilograms
of cocaine, the court pointed out that indictment alleged attempts
"[t]o import large amounts of controlled substances into the
District of Puerto Rico," provided the dates of the conspiracy and
the names of the coconspirators, and charged the defendants with a

6

conspiracy with intent to distribute over a thousand kilograms of
cocaine. Id. In addition, the court noted that the defendant "had
access during discovery" to tape recordings of co-conspirator
conversations discussing the importation of cocaine. Id. at 30-31.
Therefore, the court concluded that the defendant had a fair
opportunity to prepare a defense and showed no unfair surprise or
actual prejudice from the lack of a bill of particulars. Id. at
31. See also Sepulveda, 15 F.3d at 1193 (denial of bill of
particulars proper where defendant "enjoyed the benefits of
modified open-file discovery, i.e., automatic discovery that
encompassed all relevant data except Jencks Act material related
to witnesses not employed in law enforcement" and indictment
sufficiently specific).

    The Superseding Indictment in this case is more than
sufficient to provide defendant Davis with information necessary
to prepare his defense. The allegations in the Superseding
Indictment outline the alleged RICO enterprise and conspiracy in
great detail and alleged specific predicate acts and overt acts
committed by the various defendants, including defendant Davis,
and other co-conspirators. The Superseding Indictment defines
each defendant's role in the RICO enterprise and conspiracy in a
manner sufficient to avoid surprise and permit the defendant to
prepare a defense.

Defendant Davis claims that the indictment does not identify what "rewards" he received for his bribes. Motion, p. 5.  The Superseding Indictment, however, could not be more plain.  It specifically states that defendants Asselin, Sr. and Sotirion rewarded defendant Davis and others "with contracts, sub-contracts, change orders, purchase orders, preferential treatment, and other SHA resources."  The documentary evidence of those contracts, sub-contracts, change orders, purchase orders, and preferential treatment have all been available for inspection since July, 2004.

To the extent that defendant Davis had any need for a bill of particulars based on the four corners of the indictment, the extensive pre-trial discovery extinguished that need.  A bill of particulars is not necessary when information for a defendant's defense is available by "some other satisfactory form." United States v. Canino, 949 F.2d 928, 935 (7th Cir. 1991).  Pre-trial discovery, and particularly, the production of all documentary evidence, is a satisfactory form by which information may be made available, and eliminates the need for a bill of particulars. Id. at 935.

The extensive discovery made available to defendant Davis in this case eliminates any doubt that defendant Davis has more than sufficient information upon which to prepare his defense.  All of the bids and contracts within the Government's possession, custody

8

and control have been available for inspection at the FBI since July, 2004.  Defendant Davis remains free to inspect and copy all of the bids and contracts that pertain to him.  Since March 28, 2005, the Government has made available to defendant Davis the accounts payable CD and SHA minutes CD.  The Government even produced the grand jury testimony of two cooperating witnesses to provide defendant Davis a view of how the bribery scheme worked to facilitate his discovery efforts.  Finally, as acknowledged by defendant Davis, the Government has at various times attempted to assist defendant Davis by identifying the location of particular documents within the discovery.  See Motion, Exhibit 3 (stating that "[g]enerally, any and all contracts and/or subcontracts that P.J. Richfield and/or Peter Davis received are located in the boxes labeled SHA contracts, the boxes seized from Sotirion's office, and the boxes of documents subpoenaed from P.J. Richfield, Inc., Manny's Plumbing & Heating, and G & R Associates." ).

Defendant Davis's motion is not really a bill of particulars, but rather a request for discovery of evidentiary details to which he is not entitled.  Having had an opportunity to view all of the bids and contracts since July, 2004, defendant Davis now wants the Government to go through all of the bids and contracts and identify for him which bids and contracts are fraudulent, and which are legitimate.  The defendant's request simply is not a legitimate function of a bill of particulars.

The central theme of defendant Davis' argument seems to be that it is unfair that defendant Davis has to expend a lot of time and effort to review all of the documents made available pursuant to automatic discovery. <u>Motion</u>, p. 8 ("Mr. Davis should not have to waste precious time and resources guessing which bids and contracts and related actions he must defend against. . ."). Unfairness, however, "is "no legal basis" to grant a bill of particulars. <u>United States v. Abreu</u>, 952 F.3d 1458, 1469 (1st 1992). <u>See</u> <u>also</u> <u>United States v. Jordan</u>, 316 F.3d 1215, 1253 (11th Cir. 2003)(stating that "defendants could hardly complain about" being given "access to far more information and materials than the law required."). Defendant Davis' time and resources are not any more precious than the Government's or anyone else's.

Finally, the Local Rules take care of much of defendant Davis' need for a bill of particulars. Local Rule 117.1(A)(8) requires the Government to produce an exhibit list one week before trial. The Government intends to abide by the Local Rules.

**III. Defendant Davis' Motion to Compel Discovery Should Be Denied Because The Court Has No Authority to Order The Government To Segregate And Then Produce Those Documents That It Intends To <u>Use In Its Case-in-Chief From All Of the Discovery.</u>**

Rule 16(a)(1)(E) states in pertinent part that

> [u]pon a defendant's request, the government must permit the defendant to <u>inspect and copy</u> . . . documents . . . which are within the possession, custody or control of the government, and:
>
> (i)   the item is material to preparing the

10

> defense;
>     (ii)  the government intends to use the
> item in its case-in-chief at trial; or
>     (iii) the item was obtained from or belongs
> to the defendant.

See Fed.R.Crim.P. 16(a)(1)(E)(i)-(iii)(emphasis added).  The plain

language of Rule 16(a)(1)(E) only obligates the Government to

"permit the defendant to inspect and copy", and nothing more.

In <u>United States v. Causey</u>, 356 F.Supp.2d 681, 667 (S.D.

Texas 2005), the defendants made a request similar to the motion

made by defendant Davis.  The defendants argued that Rule 16

required the Government to identify from its discovery documents

"material to the defense" and documents "it intends to use in its

case-in-chief." <u>Id</u>.

The district court denied the request, stating that "[t]he

plain language of Rule 16 does not require the government to

specify from among the universe of discovery" documents intended

for use at trial. <u>Id</u>. at 686-687.  The district also noted that

the defendants "have cited no case in which the government has

been ordered to do so." <u>Id</u>. at 687.

Similarly, in <u>United States v. Nachamie</u>, 91 F.Supp.2d 565,

569 (S.D.N.Y. 2000), the defendants filed a motion under Rule

16(a)(1)(E)'s predecessor, Rule 16(a)(1)(C), that demanded that

the Government "identify which documents fall into each of the

categories outlined above," i.e. documents material to the defense

and intended for use at trial. <u>Id</u>.  The defendants complained that

11

"because of the enormity of the production, they cannot determine which documents are simply material to the preparation of their defense and which documents the Government intends to use at trial." Id.

The district court rejected the argument, stating that "[t]he clear language of Rule 16(a)(1), however, does not require the Government to identify which documents fall in each category -- it only requires the production of documents responsive to any category." Id. The court reasoned that "a court has no license to rewrite the Federal Rules of Criminal Procedure, and stated that "[i]n the absence of any controlling authority interpreting the Rule as requiring this action," it could not order the Government to designate those documents that it intended to offer in its case-in-chief. Id. at 570.

Like defendant Davis, the defendants in Nachamie cited Upton, Poindexter, and Turkish, the same cases cited by defendant Davis in his motion, in support of their request for discovery. Id. at 569. The Nachamie court found that "none of those decisions are supported by the language of Rule 16(a)(1) or prior case law." Id. Analyzing each case one at a time, the Nachamie court started with the Turkish decision and stated that

> Turkish, 458 F.Supp. 874, 882 (S.D.N.Y. 1978),
> simply stated that it was improper for the
> Government to "bury the defendant in paper" by
> making all documents generally available. The
> Turkish court cited no authority for its
> conclusion that the Government had an

12

> obligation to *identify* the documents it
> intended to use in its case-in-chief, and it
> mistakenly relied on another district court
> case, <u>United States v. Countryside Farms</u>,
> Inc., 428 F.Supp. 1150, 1154 (D.Utah 1977),
> which merely held that the Government had a
> duty to *produce* such documents.

<u>Id</u>.   The <u>Nachamie</u> court then discussed the <u>Poindexter</u> case,

stating that "<u>Poindexter</u> court, which relied only on <u>Turkish</u> and

<u>Countryside Farms</u> for its holding, simply compounded the error

made in <u>Turkish</u>. <u>Id</u>.

The <u>Nachamie</u> finally discussed the <u>Upton</u> case.  Noting that

<u>Upton</u> also relied on <u>Turkish</u> and <u>Poindexter</u>, the court stated that

> <u>Upton</u> also fails to ground its conclusion in
> the language of Rule 16(a)(1) or binding case
> law.  As noted above, neither <u>Turkish</u> nor
> <u>Poindexter</u> provide adequate support for their
> holdings.  In <u>Bortnovsky</u>, the third case cited
> by the <u>Upton</u> court, the Second Circuit
> determined that the trial court had committed
> reversible error by failing to require the
> Government to respond to the defendants'
> demand for a bill of particulars. The court
> never referred to Rule 16(a)(1)(C), which as
> noted earlier governs the parties' respective
> discovery obligations, but relied solely on
> Fed. R. Cr. P. 7(f), which permits a defendant
> to seek a bill of particulars in order to
> identify with particularity the nature of the
> charge in order to prepare for trial, avoid
> surprise, and avoid double jeopardy.
> <u>Bortnovsky</u>, 820 F.2d at 574 (citing <u>Wong Tai
> v. United States</u> 273 U.S. 77, 82, 47 S.Ct.
> 300, 71 L.Ed. 545 (1927)).  Thus, <u>Bortnovsky</u>
> fails to support the <u>Upton</u> court's conclusion
> that the Government must identify the
> documents it intends to offer at trial.

<u>Id</u>.

The logic and reasoning of Causey and Nachamie apply with the equal force to this case. First, the plain language of Rule 16(a)(1)(E) does not support defendant Davis' interpretation. It simply imposes an obligation upon the Government to produce documents for inspection and copying, and nothing more. In fact, defendant Davis cannot even identify what specific language in Rule 16(a)(1)(E) forms the basis for his request.

Curiously, defendant Davis does not argue that the Government has a duty to designate documents "material to preparing the defense" under Rule 16(a)(1)(E). However, such an obligation necessarily would flow from the interpretation of Rule 16(a)(1)(E) advanced by defendant Davis. Defendant Davis' interpretation would put a defendant in the position of never having to inspect the universe of discovery made available under Rule 16, yet require the Government to designate documents whose materiality the Government may never know. Congress certainly could never have envisioned such a result.

Second, as defendant Davis concedes, "there is no authority directly on point in the First Circuit." Motion, p. 9. There is also no authority indirectly on point in the First Circuit. The cases cited by the defendant -- Turkish, Poindexter, and Upton -- are poorly reasoned and not grounded in Rule 16 as explained in Nachamie.

14

Finally, Local Rule 117.1(A)(8) dispenses with the need for the designation of evidence requested by defendant Davis.  Once again, Local Rule 117.1(A)(8) requires the Government to produce an exhibit list one week before trial, and the Government plans on following this Rule.

## IV.  <u>Conclusion</u>

For the foregoing reasons, the Government respectfully asks that the court deny defendant Davis' Motion for a Bill of Particulars and to Compel Discovery.

Filed this __15__th day of July, 2005.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

WILLIAM M. WELCH II
Assistant United States Attorney

15

## CERTIFICATE OF SERVICE

Hampden,  ss.                         Springfield, Massachusetts
                                      July 15, 2005


        I, William M. Welch, Assistant U.S. Attorney, do hereby
certify that I have served a copy of the foregoing by mailing said
motion to:

All counsel of record


                                      WILLIAM M. WELCH II
                                      Assistant United States Attorney

16

vendor payments from start of computer.xls

| 013411 | P.J. RICHFIELD | 12/28/90 |
|--------|---------------|----------|
| 017134 | P.J. RICHFIELD | 10/04/91 |
| 017439 | P.J. RICHFIELD | 10/28/91 |
| 017982 | P.J. RICHFIELD | 12/06/91 |
| 018354 | P.J. RICHFIELD | 01/13/92 |
| 019140 | P.J. RICHFIELD | 03/25/92 |
| 019888 | P.J. RICHFIELD | 06/08/92 |
| 020606 | P.J. RICHFIELD | 08/10/92 |
| 021532 | P.J. RICHFIELD | 10/30/92 |
| 021711 | P.J. RICHFIELD | 11/13/92 |
| 021811 | P.J. RICHFIELD | 11/24/92 |
| 021839 | P.J. RICHFIELD | 11/30/92 |
| 021898 | P.J. RICHFIELD | 12/14/92 |
| 022006 | P.J. RICHFIELD | 12/14/92 |
| 022289 | P.J. RICHFIELD | 01/11/93 |
| 022290 | P.J. RICHFIELD | 01/11/93 |
| 022923 | P.J. RICHFIELD | 03/08/93 |
| 023668 | P.J. RICHFIELD | 05/10/93 |
| 024688 | P.J. RICHFIELD | 08/09/93 |
| 024689 | P.J. RICHFIELD | 08/09/93 |
| 024892 | P.J. RICHFIELD | 08/25/93 |
| 025230 | P.J. RICHFIELD | 09/20/93 |
| 025318 | P.J. RICHFIELD | 09/28/93 |
| 025662 | P.J. RICHFIELD | 10/26/93 |
| 025799 | P.J. RICHFIELD | 11/08/93 |
| 026048 | P.J. RICHFIELD | 12/06/93 |
| 026051 | P.J. RICHFIELD | 12/06/93 |
| 026474 | P.J. RICHFIELD | 01/14/94 |
| 026800 | P.J. RICHFIELD | 02/15/94 |
| 027723 | P.J. RICHFIELD | 05/20/94 |
| 028237 | P.J. RICHFIELD | 07/08/94 |
| 028989 | P.J. RICHFIELD | 09/23/94 |
| 029953 | P.J. RICHFIELD | 12/23/94 |
| 032322 | P.J. RICHFIELD | 08/07/95 |
| 032707 | P.J. RICHFIELD | 09/12/95 |
| 033400 | P.J. RICHFIELD | 11/24/95 |
| 033401 | P.J. RICHFIELD | 11/24/95 |
| 035607 | P.J. RICHFIELD | 07/23/96 |
| 035801 | P.J. RICHFIELD | 08/09/96 |
| 036221 | P.J. RICHFIELD | 09/18/96 |
| 036533 | P.J. RICHFIELD | 10/21/96 |
| 036854 | P.J. RICHFIELD | 11/27/96 |
| 037179 | P.J. RICHFIELD | 01/02/97 |
| 037383 | P.J. RICHFIELD | 01/24/97 |
| 037485 | P.J. RICHFIELD | 02/05/97 |
| 037658 | P.J. RICHFIELD | 02/28/97 |
| 037981 | P.J. RICHFIELD | 03/26/97 |
| 038285 | P.J. RICHFIELD | 04/30/97 |
| 038643 | P.J. RICHFIELD | 06/04/97 |
| 038999 | P.J. RICHFIELD | 07/03/97 |
| 039331 | P.J. RICHFIELD | 08/05/97 |
| 039503 | P.J. RICHFIELD | 08/20/97 |

GOVERNMENT EXHIBIT

vendor payments from start of computer.xls

| 001063 | $39,350.00 | FIRE JOB 15 RODNEY SMITH CIRCLE |
|---|---|---|
| 001905 | $91,362.00 | P/E #1 EXTERIOR |
| 001913 | $101,964.00 | P.E.#2 EXTERIOR 307 |
| 001933 | $59,249.00 | P/E #3 EXTERIOR |
| 001946 | $41,574.00 | P/E #4 EXT 307 |
| 001968 | $24,481.00 | P.E#5 EXTERIOR 307 |
| 007986 | $31,475.00 | FIRE 571 BAY ST 1/25/92 |
| 008354 | $3,975.00 | FIRE DAMAGE 336 BERKSHIRE RE:  REPAIR FIRE DAMAGE AT        33 |
| 002109 | $23,959.00 | P/E#6 SECURITY DOORS 301 |
| 002112 | $71,884.00 | P/E#1 COMP 305 |
| 000165 | $4,075.00 | INSTALL RAMPS & SIDEWALKS INSTALL RAMPS & SIDEWALKS PER A |
| 002121 | $18,031.00 | P/E#7 RELEASE OF RETAINAGE FINAL |
| 009255 | $2,100.00 | INSTALL CONCRETE CURBING  FURNISH & INSTALL NINETY-FIVE (95) |
| 002128 | $73,182.00 | P/E #2 COMP 305 |
| 002134 | $46,751.00 | P/E #4 COMP 305 |
| 002135 | $45,829.00 | P/E#3 COMP 305 |
| 014314 | $75,656.00 | PE #5   COMP305 |
| 002160 | $11,667.00 | COMPREHENSIVE MODERNIZATION @ HARRIGA |
| 014367 | $17,103.00 | RELEASE OF RETAINAGE  PE#7 (FINAL) |
| 014370 | $11,400.00 | PE #1    GARAGE 314 |
| 014372 | $19,000.00 | P.E.#2 GARAGE 314 |
| 002192 | $45,865.00 | P/E#1 504/ADA |
| 014391 | $19,000.00 | P/E#3 314 GARAGE |
| 002213 | $50,920.00 | P/E#2 504/ADA CONVERSION |
| 002222 | $82,413.00 | P/E#3 504/ADA |
| 002230 | $104,352.00 | P/E#4 ADA/504 |
| 014420 | $19,755.00 | P/E#4 FINAL PAYMENT GARAGE RELEASE OF RETENTIONS |
| 002244 | $149,236.00 | P/E #5ADA/504 SITE |
| 002256 | $14,608.50 | P/E#6 SITE ADA/504 301 &302 |
| 002290 | $19,327.00 | 504  ADA SITE WORK PROJECTS |
| 002302 | $47,762.00 | P/E#8 SITE WORK 9 PROJECTS |
| 002321 | $76,167.00 | P/E#9 504/ADA 9 DEVELOPMENTS |
| 002344 | $31,087.00 | P/E#10 504/ADA SITE WORK FINAL |
| 002399 | $47,500.00 | P/E#1 SITEWORK 303 |
| 002408 | $83,726.00 | P/E#2 SITEWORK 303 |
| 002422 | $43,540.00 | P/E#3 SITE WORK 303 |
| 002423 | $9,198.00 | FINAL RELEASE OF RETAINAGE SITE WORK 303 P/E#4 |
| 002473 | $19,380.00 | P/E#1 EXTERIOR 3 PROJECTS |
| 002479 | $64,315.00 | P/E #2 EXTERIOR 3 PROJECTS |
| 002489 | $68,875.00 | P/E#3 EXTERIOR 3 PROJECTS |
| 002495 | $57,285.00 | P/E#4 EXTERIOR 3 PROJECTS |
| 002502 | $56,848.00 | P/E#5 SITE & EXTERIOR 3 PROJECTS |
| 002512 | $19,525.00 | P/E#1 UNIT REHAB CHRIS COURT |
| 002515 | $115,632.00 | P/E#2 UNIT REHAB CHRIS COURT |
| 002518 | $32,547.00 | P/E#6 3 PROJECTS SUBSTANCIAL COMPLETI |
| 002526 | $171,160.00 | P/E#3 UNIT REHAB COURT CHRIS |
| 002533 | $130,416.00 | P/E#4 UNIT REHAB CHRIS COURT |
| 002545 | $106,076.00 | P/E#5 CHRIS COURT UNIT REHAB |
| 002555 | $125,467.00 | P/E#6 REHAB CHRIS COURT |
| 002566 | $79,259.00 | P/E#7 UNIT REHAB CHRIS COURT |
| 002579 | $30,970.00 | P/E#8 UNIT REHAB CHRIS CURT |
| 002588 | $149,642.00 | P/E#9 UNIT REHAB CHRIS COURT |