UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 04-300 -33-MAP |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| RAYMAOND ASSELIN, | ) | |
| Defendant | ) | |

**DEFENDANT RAYMOND ASSELIN, SR.'S OBJECION TO
GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant Raymond Asselin, Sr. hereby objects to the Government's Sentencing Memorandum for Defendant Raymond Asselin, Sr. for the following reasons:

1.  In its Sentencing Memorandum – filed on Friday, February, 23, 2007 – the prosecution argued, for the very first time, that this Court should apply a two-level upward enhancement pursuant to U.S.S.G. Sec. 5K2.7 ("If the defendant's conduct resulted in a significant disruption of a governmental function, the court may increase the sentence above the authorized guideline range to reflect the nature and extent of the disruption and the importance of the governmental function affected.") and Application Note 5 of U.S.S.G. Sec. 2C1.1 ("Where the court finds that the defendant's conduct was part of a systemic or pervasive corruption of a government function, process or office that may cause loss of public confidence in government, an upward departure may be warranted.")

2. This Court should reject the prosecution's request for an upward departure because its position is a blatant violation of the parties' plea agreement, which set forth the positions which the parties agreed to take on the Guidelines at sentencing.

3. Moreover, the prosecution had 14 days from the date of the Presentence Report ("PSR") to object to the Probation Office's Guidelines calculation. The prosecution, however, did not object to the PSR, which did <u>not</u> recommend application of the upward departure that the prosecution now seeks. Furthermore, the prosecution has not shown good cause for its untimely request. As such, this Court should deem the prosecution's eleventh-hour attempt to increase Mr. Asselin's sentence waived.

4. Furthermore, the upward departure is not warranted in this case. Section 5K2.7 provides that "[d]eparture from the guidelines ordinarily would not be justified when the offense of conviction is an offense such as bribery [,]" which is the underlying conduct here.

5. Because the prosecution's request for an upward departure was made for the first time just days before the sentencing, if this Court considers granting the prosecution's request, Mr. Asselin respectfully requests a continuance so that he may fully address the prosecution's request prior to

sentencing.

        Respectfully submitted,
        RAYMOND ASSELIN, SR.
        By his attorneys,


        /s/ Richard M. Egbert
        Richard M. Egbert (BBO No. 151800)
        Patricia A. DeJuneas (BBO No. 652997)
        Law Office of Richard Egbert, P.C.
        99 Summer Street, Suite 1800
        Boston, MA 02110
        Tel: (617) 737.8222


## **CERTIFICATE OF SERVICE**

    I, Richard M. Egbert, hereby certify that I served the foregoing document upon William Welch, Esq., Assistant United States Attorney, Office of the United States Attorney, 1550 Main Street, Room 310, Springfield, Massachusetts 01103 by electronically filing this 27th day of February, 2007.


        /s/ Richard M. Egbert
        Richard M. Egbert, Esquire