UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2008 JAN 23  A 10: 35

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| RAYMOND ASSELIN, SR., ) | 3:04CR30033-001-MAP |
|     Defendant, ) | |
| ) | |
|     *and* ) | |
| ) | |
| SPRINGFIELD RETIREMENT SYSTEM, ) | |
|     Garnishee ) | |

DEFENDANT'S MOTION FOR RECONSIDERATION OF COURT'S
ORDER OF GARNISHMENT TO GARNISHEE OF $163,100.59
AND REQUEST FOR TEMPORARY ORDER TO CEASE
GARNISHMENT PROCEEDINGS

Now come the Defendant ("Mr. Asselin") who moves the Court to reconsider its allowance of an order of garnishment against the Springfield Retirement System and temporarily cease garnishment proceedings until the merits of this motion are decided.

As grounds:

PROCEDURE

1) On or about March 30, 2007, Mr. Asselin was incarcerated at Fort Devens pursuant to a guilty plea in this case. At that point his relationship with trial counsel had effectively ended. On or about June 20, 2007, the United States moved the Court for an Order of Garnishment of funds held by the Springfield Retirement System. That motion was served upon Mr. Asselin's trial counsel.

2) Mr. Asselin was unaware that the United States would attempt to garnish his Springfield Retirement System account. He did not receive notice of the motion until well after it was allowed, apparently on June 22, 2007. Mr. Asselin made unsuccessful efforts to have trial counsel intercede on his behalf with respect to the motion and order. Mr. Asselin recently engaged new counsel to object on his behalf.

RESTITUTION, FORFEITURE, AND FINE

3) Pursuant to Mr. Asselin's plea Agreement, he agreed to transfer his interest in certain assets to the United States for payment of restitution, forfeiture, and fines. His interest in funds held by the Garnishee was not listed in the Agreement.

4) Mr. Asselin believes his restitution and fines, $75,000 fine plus $300 assessment, have been liquidated with the forfeiture of the assets set forth in the Agreement.

UNITED STATES COMPLIANCE WITH
GARNISHMENT REQUIREMENTS

5) Mr. Asselin asserts that the United States has failed to comply with 28 U.S.C., secs. 3203 and 3205 by, among other things, seeking garnishment of property not subject to execution, and failing to comply with secs. 3205(b)(1)(B) and 3205(c)(3)(B).

6) Mr. Asselin asserts that the United States has violated his rights under the Fifth Amendment by denying his right to property, his interest in his retirement account, without due process of law.

7) The United States claim that Mr. Asselin is a debtor with respect to restitution and/or fines has had a detrimental effect on his status with the Federal Bureau of Prisons.

Therefore, Mr. Asselin requests this Court issue an order to the United States and the Garnishee to temporarily cease garnishment proceedings, allow new counsel time to review the United States submissions with respect to the Order of Garnishment, and reconsider its Order dated June 22, 2007.

Raymond Asselin, Sr.,
By his attorney,

_____
James J. Bregianes, Esq.
95 State Street, Ste. 309
Springfield, MA 01103
Tel. 413-737-1489
Fax. 413-733-0238
BBO# 636226

January 21, 2008

## CERTIFICATE OF SERVICE

I, James J. Bregianes, Esq., new counsel for Mr. Asselin with respect to this motion, hereby certify that I made service of the foregoing document, by first-class mail, to AUSA Christopher R. Donato, 1 Courthouse Way, Ste. 9200, Boston, MA 02210, AUSA Steven H. Breslow, 1550 Main St., Springfield, MA 01103, and Springfield Retirement System, c/o Alfred A. Vivenzio, Esq., 1120 Main St., Springfield, MA 01103 on this day.

January 21, 2008

_James J. Bregianes_
James J. Bregianes