UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
|     Plaintiff,      ) | |
|           ) | |
| v.      ) | |
|           ) | CASE NO. |
| RAYMOND ASSELIN, SR.,      ) | 3:04CR30033-001-MAP |
|     Defendant,      ) | |
|           ) | |
|     *and*      ) | |
|           ) | |
| SPRINGFIELD RETIREMENT SYSTEM      ) | |
|     Garnishee.      ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S "MOTION FOR
RECONSIDERATION OF COURT'S ORDER OF GARNISHMENT
TO GARNISHEE OF $163,100.59 AND REQUEST FOR TEMPORARY
ORDER TO CEASE GARNISHMENT PROCEEDINGS"**

**I.    BACKGROUND**

On March 5, 2007, this Court entered a criminal judgment against Raymond Asselin, Sr. Docket Entry No. 420.  Mr. Asselin was sentenced to 120 months imprisonment and to pay a $300 assessment, $75,000 fine, and restitution "as agreed upon by the parties."[1]  Id.  According to the records of the Clerk for the U.S. District Court, Mr. Asselin paid the $300 assessment on October 31, 2007.  According to the records of the Financial Litigation Unit for the U.S. Attorney's Office (hereinafter the "FLU"), Mr. Asselin currently owes $78,350.80, including interest.

Mr. Asselin was the Executive Director of the Springfield Housing Authority from

---

[1] According to the criminal judgment, Mr. Asselin was required to forfeit his interest in the property located at 56 Stage Island Road, Chatham, Massachusetts, a 2002 BMW 325 CiC automobile, a 23 foot Chaparral 23SSi boat, and $243,650 in U.S. currency.  The proceeds from the sale of these assets, plus the cash, were to be paid over to the Springfield Housing Authority, the victim of Mr. Asselin's criminal conduct.

approximately 1969 until his resignation in May 2003. As such, Mr. Asselin paid into the pension fund managed by the Springfield Retirement System. Pursuant to M.G.L. ch. 32, § 15, Mr. Asselin has forfeited his rights to collect a pension from the Springfield Retirement System. In addition, the accumulated deductions that he paid into the system must be applied to his outstanding restitution prior to be being turned over to Mr. Asselin. Moreover, his accumulated deductions have an interest rate of zero.

On May 2, 2007, in an effort to ensure that Mr. Asselin's accumulated deductions from his pension account be applied to his outstanding criminal fine, the FLU filed an application for writ of garnishment with this Court.[2] Docket Entry No. 438. On May 21, 2007, this Court issued the writ of garnishment against Mr. Asselin's pension account with the Springfield Retirement System. Unnumbered Docket Entry following No. 438.

In accordance with 28 U.S.C. § 3205(c)(3), the FLU served a copy of the application for writ of garnishment, a copy of the writ of garnishment with a claim for exemptions form, the clerk's notice of garnishment, notice of garnishment and instructions, and a request for hearing

---

[2] Under 28 U.S.C. § 3205(b)(1), the United States files an application for writ of garnishment with the specified information with the Court. If the Court determines that the requirements are met, the Court issues the writ of garnishment. 28 U.S.C. § 3205(c)(1). Once the Court issues the writ of garnishment, the United States serves the writ on the defendant and the garnishee and certifies to the Court that it has done so. 28 U.S.C. § 3205(c)(3). Included with the service of the writ on the garnishee is an instruction explaining the requirement that the garnishee submit a written answer to the writ. 28 U.S.C. § 3205(c)(3)(A). Included with the service of the writ on the defendant are instructions for objecting to the answer of the garnishee and for obtaining a hearing on the objections. 28 U.S.C. § 3205(c)(3)(B). The garnishee shall answer the writ within 10 days of service. 28 U.S.C. § 3205(c)(2)(E). The defendant and the United States have 20 days after receipt of the answer to file an objection and request a hearing. 28 U.S.C. § 3205(c)(5). After the completion of this process, if the Court so determines, the Court may issue an order on the garnishee regarding the disposition of the defendant's property. 28 U.S.C. § 3205(c)(7).

form on Mr. Asselin at his last known address. In addition, the FLU served a copy of the application for writ of garnishment, the writ of continuing garnishment, and an answer of the garnishee form with accompanying instructions on the Springfield Retirement System, the garnishee in this matter. On May 23, 2007, the FLU filed a certification of service with the Court. Docket Entry No. 445.

On May 25, 2007, the Springfield Retirement System filed an answer to the garnishment. Docket No. 448. According to the answer of the Springfield Retirement System, Mr. Asselin's retirement account had $98,743.58 of contributions from Mr. Asselin and a total balance, including interest, of $163,100.59. Id.

On June 20, 2007, the FLU filed a motion for order of writ of garnishment with a proposed order attached. Docket Entry No. 450.

At no time did Mr. Asselin file a claim for exemption or request a hearing.

On June 22, 2007, this Court issued the order of garnishment. Docket Entry No. 454.

On January 23, 2008, Mr. Asselin filed a "Motion for Reconsideration of Court Order of Garnishment to Garnishee of $163,100.59 and Request for Temporary Order to Cease Garnishment Proceedings." Docket Entry No. 473. In his motion, Mr. Asselin claims, among other things, that "he agreed to transfer his interest in certain assets to the United States for payment of restitution, forfeiture, and fines." Id. at ¶ 3.

II.    LEGAL ANALYSIS

When the FLU first read the criminal judgment in this matter, it mistakenly believed that the total amount of restitution ordered was $2,500,000. As a result, the FLU thought that if the sale of the specific assets to be forfeited failed to reach the sum of $2,500,000, Mr. Asselin

would be required to pay the difference, plus his criminal fine. The criminal judgment, however, specifically states that the restitution is "agreed upon" and makes reference to the terms set forth in the plea agreement. The plea agreement entered into between the parties states the following:

> The transfer of assets for restitution shall not be deemed an alteration of Defendant's sentence. The transfer of assets for restitution set forth herein shall not satisfy or offset any fine, cost of imprisonment, or other penalty imposed upon Defendant, except as set forth in this paragraph, nor shall the transfer of assets for restitution be used to offset Defendant's tax liability or any other debt owed to the United States.

Docket Entry No. 216, pp. 7-8.

> In addition, per the Springfield Housing Authority Board of Directors' desire to settle its restitution claim in the criminal case in order to obtain payment as expeditiously as possible . . . the U.S. Attorney agrees that the transfer of all of Defendant's interests in the Properties shall settle any restitution claim submitted by the Springfield Housing authority to the sentencing court in the criminal case.

Id. at pp. 8-9.

The language of the plea agreement makes explicitly clear that the restitution shall be the amount collected from the sale of the assets forfeited and that the fine shall not be paid out of the proceeds of the sale of the assets forfeited.

Because the FLU was under the impression that the proceeds of Mr. Asselin's retirement account could be used to cover any shortfall created if the sale of the assets failed to cover the $2,500,000 restitution order, the proposed garnishment order submitted by the FLU requested that the Court garnish the entire $163,100.59 held by the Springfield Retirement System. Docket Entry No. 450. Having now read the criminal judgment in conjunction with the plea agreement, the Financial Litigation Unit was mistaken. The order should have only ordered the Springfield Retirement System to pay over the proceeds available to cover Mr. Asselin's outstanding fine.

As previously stated, Mr. Asselin's current fine debt as of January 31, 2008, is $78,350.80. The FLU, however, has not yet served the garnishment order on the Springfield Retirement System because the FLU was waiting to find out how much of the restitution order was paid off by the sale of the assets. Consequently, none of the money in Mr. Asselin's retirement account has been dispersed to the Clerk's Office and it remains in the possession of the Springfield Retirement System.

Consequently, the FLU submits herewith an amended proposed order of garnishment requesting that this Court order the Springfield Retirement System pay over to the Clerk's Office $78,350.80 from Mr. Asselin's retirement account.

### III. CONCLUSION

Based on the foregoing, the United States respectfully request that this Court issue an amended order of garnishment that directs the garnishee, the Springfield Retirement System, to pay over $78,350.80 from Mr. Asselin's retirement account to the Clerk of the United States District Court to be applied to Mr. Asselin's outstanding criminal fine debt.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys

MICHAEL J. SULLIVAN
United States Attorney

Dated: February 4, 2008        By:    /S/ Christopher R. Donato
                                       Christopher R. Donato
                                       Assistant U.S. Attorney
                                       1 Courthouse Way, Suite 9200
                                       Boston, MA 02210
                                       (617) 748-3303

**CERTIFICATE OF SERVICE**

      I hereby certify that the above-document was filed through the ECF system electronically to any registered participants and a paper copy was sent by mail to those indicated as non-registered participants.

Dated: February 4, 2008                     /S/ Christopher R. Donato
                                                 Christopher R. Donato
                                                 Assistant U.S. Attorney